[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action is a law firm which seeks only a prejudgment remedy to secure any possible award in connection with an arbitration proceeding which was ordered by this court CT Page 5945 pursuant to a separate action brought by the plaintiff. Although the plaintiff has indicated to the court that, in response to the court's arbitration order in the previous action, the defendant did appear for the arbitration, she has not appeared in this case. The plaintiff has obtained a default against the defendant for her failure to appear in this action, and it has claimed its case to the hearing in damages list. At the hearing in damages, the plaintiff appeared and filed a memorandum of law and an affidavit in support of prejudgment remedy.
The plaintiff has given the court no authority for the granting of a prejudgment remedy independent of a concurrent civil action. The only civil action regarding this case was a separate and independent action, now concluded, ordering the defendant to proceed with arbitration in this attorney's fee dispute. Yellin v. Premier Development, No. CV93-0704598S (April 25, 1994, Satter, J.) is inapposite. That case apparently involved a claim for monies due under a contract, which action was accompanied by an application for a prejudgment remedy. The contract in question included an arbitration provision, and there was an application to stay the Superior Court proceedings while the arbitration took place. In that limited context, Judge Satter found that it was appropriate to grant a prejudgment remedy in connection with the pending civil action, even though the issues underlying that action were going to be resolved through arbitration rather than litigation.
This is not that case. There is no civil action pending to which this prejudgment remedy may apply. The provisions of General Statutes § 52-278, et seq., have not been complied with, and the plaintiff is therefore not entitled to judgment.
For the above reasons, judgment will enter in favor of the defendant.
Jonathan E. Silbert, Judge